Argued September 9; reversed October 24, 1930; rehearing denied January 29, 1931

## MILLER v. NORBLAD, GOVERNOR, ET AL.
### (292 P. 822, 295 P. 461)

*Roscoe C. Nelson,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief) for appellant.

*Willis S. Moore* and *Miles H. McKey,* Assistant Attorneys General (I. H. Van Winkle, Attorney General, on the brief), for respondents.

ROSSMAN, J. The plaintiff is a resident of this state who received in 1929 gross receipts from the income of intangible personal property of the kind affected by General Laws of Oregon, 1929, chapter 429, more than $200, some of which was interest paid on notes secured by real estate mortgages. The complaint alleges that the defendants are threatening to enforce the tax imposed by the above mentioned act which is fully described in *Redfield et al. v. Fisher,* this day decided by us [*ante* p. 180] and that they refuse to recognize the validity and the existence of Ore-

gon Laws, § 4235, which provides: "The following property shall be exempt from taxation: * * * '9. All notes secured by recorded mortgages on real property.'" The complaint, after alleging the invalidity of chapter 429, prays that it be declared invalid and that the court restrain its enforcement. The defendants filed a demurrer which recited that the allegations of the complaint were insufficient to state a cause of suit. It was sustained and subsequently the court entered a decree dismissing the suit; the plaintiff appealed.

This suit brings before us substantially the same situation present in *Kiernan v. Norblad,* this day decided by us [*ante* p. 210] with the exception that in addition to the issues present in that case we are also called upon to determine whether General Laws of Oregon, 1929, chapter 429, repealed Oregon Laws, § 4235, subd. 9. In view of the fact that in *Redfield et al. v. Fisher* we held chapter 429 invalid, it necessarily follows that the plaintiff's intangibles are not subject to the tax imposed by chapter 429. The cause will be remanded to the circuit court with instructions to enter a decree in harmony with the prayer of the complaint.